**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PROTECT THE PUBLIC'S TRUST<br>712 H Street, N.E.<br>Suite 1682<br>Washington, D.C. 20002,<br><br>        Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE<br>2201 C Street, N.W.<br>Washington, D.C. 20520,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Case No. 1:23-cv-00081<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1. Plaintiff Protect the Public's Trust brings this action against the U.S. Department of State under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgement Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff Protect the Public's Trust ("PPT") is an unincorporated association of retired and former public servants and concerned citizens that is dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of

1

ethical conduct to all public servants. *See* D.C. Code § 29–1102(5).  Consistent with

Justice Brandeis's aphorism that "Sunlight is said to be the best of disinfectants; electric

light the most efficient policeman," PPT seeks to promote transparency and broadly

disseminate information so that the American people can evaluate the integrity and

ethical conduct of those who act in their name. Louis Brandeis, OTHER PEOPLE'S MONEY

AND HOW BANKERS USE IT (1914), https://louisville.edu/law/library/special-

collections/the-louis-d.-brandeis-collection/other-peoples-money-chapter-v.

5.  Defendant U.S. Department of State ("State" or "the Department") is a federal agency

within the meaning of FOIA, 5 U.S.C. § 552(f)(1).  The Department has possession,

custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6.  On or before June 3, 2021, PPT submitted a FOIA request (attached as Exhibit A) to the

Department seeking the following records from the Office of the Legal Adviser:

> From November 23, 2020 through the date this request is processed, all
> waivers, impartiality determinations, or any other guidance issued to political
> appointees of the Biden Administration exempting them from any part of their
> obligations as defined in relevant laws, regulations, rules, and/or the Biden
> Administration's Ethics Pledge. This request also includes any records and
> communications between employees of the Office of the Legal Adviser, as
> well as any records and communications between the Office of the Legal
> Adviser and any political appointees regarding waivers or impartiality
> determinations.

7.  As Attorney General Garland has made clear, FOIA is "a vital tool for ensuring

transparency, accessibility, and accountability in government" whose "'basic purpose . . .

is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic

society [and] needed to check against corruption and to hold the governors accountable to

the governed.'" Merrick Garland, *Memorandum for Heads of Executive Departments and*

*Agencies: Freedom of Information Act Guidelines* 1 (Mar. 15, 2022),

https://www.justice.gov/ag/page/file/1483516/download (quoting *NLRB v. Robbins Tire*

*& Rubber Co*, 437 U.S. 214, 242 (1978)) ("Garland Memo").

8. The release of these documents is in the public interest because they will help the public

understand which high-level Department officials have potential conflicts of interest, how

the Department is addressing those conflicts, and whether officials are following the

rules.

9. In a communication dated June 4, 2021, the Department acknowledged receipt of

Plaintiff's FOIA request, designed it F-2021-07013, and informed Plaintiff that it would

not be able to respond with in the 20 days provided in statute due to "unusual

circumstances."

10. On November 26, 2021, Plaintiff requested an update regarding the status of the request

titled "Ethics waivers or impartiality determinations for political appointees."

11. That same day, the Department responded in part by stating Plaintiff's request "is

currently in process."

12. On February 18, 2022, Plaintiff again requested a status update regarding request F-2021-

07013.

13. That same day, the Department responded, stating in part "[w]e will follow-up with you

as soon as possible to provide an estimated date of completion."

14. On March 16, 2022 – nearly a year after the request was filed -- the Department followed

up, stating "the estimated date of completion (EDC) is January 30, 2024."

15. On May 13, 2022, Plaintiff requested another status update concerning F-2021-07013.

16. On May 16, 2022, the Department responded in part "[t]his request remains in process and still has a January 30, 2024, estimated date of completion.  The search for responsive records is on-going."

17. On July 8, 2022, Plaintiff requested a status update.

18. On July 13, 2022, the Department responded in part "[p]lease note that this request remains in process and there is no new information to report at this time regarding the status of your request."

19. On December 5, 2022, Plaintiff again requested a status update.

20. On December 7, 2022, the Department responded in part "[t]his request remains in process and still has a January 30, 2024, estimated date of completion (EDC).  Again, EDCs are estimates and subject to change.  Documents that are potentially responsive to this request have been located.  These documents are pending review.  You will be notified as soon as information becomes available in this case."

21. Under FOIA, records generally are supposed to be provided within 20 to 30 business days of the submission of a request, depending on whether there are unusual circumstances – not more than two and half years after the request is submitted.

22. As the Garland Memo makes clear, "Timely disclosure of records is also essential to the core purpose of FOIA." Garland Memo at 3.

23. A reasonable inference from the Department's statements, including its acknowledgement letter, its statement that the request is in process, its statement that a search is underway, and its repeated estimated dates of completion, is that the Department has a complete and valid FOIA request and has for some time.

24. As of today, Plaintiff's request has been pending for more than 580 days – over a year and half -- well beyond the statutory period for federal agencies to make a determination with respect to a FOIA request. 5 U.S.C. § 552(a)(6)(A)-(B).

25. Plaintiff has yet to receive a single responsive document.

26. To the contrary, the Department has not made a determination of whether it will comply with Plaintiff's request. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013). The Department has not produced responsive documents to the Plaintiff, has not communicated to the Plaintiff the scope of the documents it intends to produce and withhold, along with the reasons for such withholding, and has not informed Plaintiff of its ability to appeal any adverse portion of its determination.

27. Given these facts, it appears that absent litigation the Department has not and does not intend to meet its statutory obligations to provide the requested records.

28. Through the Department's failure to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

29. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

30. PPT properly requested records within the possession, custody, and control of the Department.

31. The Department is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

32. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

33. The Department is wrongfully withholding non-exempt agency records requested by PPT by failing to segregate exempt information in otherwise non-exempt records responsive to the PPT FOIA request.

34. The Department's failure to provide all non-exempt responsive records violates FOIA.

35. Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

### **REQUESTED RELIEF**

Protect the Public's Trust respectfully requests this Court:

(1) Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with the requirements of FOIA and any and all orders of this Court.

(2) Order Defendant to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's FOIA request and indexes justifying the withholding of all or part of any responsive records withheld under claim of exemption.

(3) Enjoin the Defendant from continuing to withhold any and all non-exempt responsive records.

6

(4) Award PPT the costs of this proceeding, including reasonable attorney's fees and

other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. §

552(a)(4)(E).

(5) Grant PPT other such relief as the Court deems just and proper.


Dated: January 11, 2023                    Respectfully submitted,

                                           PROTECT THE PUBLIC'S TRUST
                                           By Counsel:

                                           /s/Gary M. Lawkowski
                                           Gary M. Lawkowski
                                           D.D.C. Bar ID: VA125
                                           DHILLON LAW GROUP, INC.
                                           2121 Eisenhower Avenue, Suite 608
                                           Alexandria, Virginia 22314
                                           Telephone: 703-574-1654
                                           GLawkowski@Dhillonlaw.com

                                           *Counsel for the Plaintiff*