UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROTECT THE PUBLIC'S TRUST, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF STATE, ) <br> ) <br> *Defendant*. ) <br> ) | Civil Action No. 23-0081 (BAH) |

**JOINT STATUS REPORT**

Pursuant to the Court's Standing Order, Plaintiff Protect the Public's Trust and Defendant U.S. Department of State ("State" or the "Department"), by and through undersigned counsel, have met, conferred, and report as follows:

1. On January 12, 2023, Plaintiff filed a Complaint initiating this action, which seeks to compel the Department to produce records responsive to its June 3, 2021, Freedom of Information Act ("FOIA") request. That request seeks "all waivers, impartiality determinations, or any other guidance issued to political appointees of the Biden Administration exempting them from any part of their obligations as defined in relevant laws, regulations, rules, and/or the Biden Administration's Ethics Pledge." The Department answered Plaintiff's Complaint on February 13, 2023.

2. In order to process Plaintiff's FOIA request, State asked Plaintiff to provide a list of political appointees of interest to them or a definition of "political appointee." On February 23, 2023, Plaintiff informed the Department that Plaintiff means Schedule C, Non-Career SES, and PAS officials. State is working to identify agency employees who fall within this definition of "political appointee," which State believes will require extensive coordination between various

bureaus and offices at the Department.  State's search for records that are potentially responsive to Plaintiff's FOIA request is therefore ongoing.

3. At this time, State is unable to provide the anticipated number of documents responsive to the request and the anticipated date(s) for release of the requested documents.  State hopes to be in a position to have the requested information within 30 days.

4. Given the ongoing nature of State's production of records, it is unclear at this time whether summary judgment briefing will be necessary.  Accordingly, the parties propose that the Court defer the establishment of any briefing schedule until the Department has had an opportunity to complete its response to the request and the parties have had an opportunity to meet, confer, and attempt to narrow or resolve any issues prior to seeking Court intervention through summary judgment briefing.

5. The parties propose that they submit a further joint status report on May 29, 2023, updating the Court as to the status of the Department's production of records.

Dated: February 27, 2023
Washington, DC

Respectfully submitted,

*/s/ Gary M. Lawkowski (with consent)*
Gary M. Lawkowski
D.D.C. Bar ID: VA125
DHILLON LAW GROUP, INC.
2121 Eisenhower Avenue, Suite 608
Alexandria, Virginia 22314
Telephone: 703-574-1654
GLawkowski@Dhillonlaw.com

*Counsel for the Plaintiff*

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:       */s/ Derek S. Hammond*
DEREK S. HAMMOND
D.C. Bar # 1017784
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
202-252-2511
Derek.Hammond@usdoj.gov

*Attorneys for the United States of America*